1   WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Alexander Napier Florence,              No. CV 14-0195-PHX-RCB (BSB)

10                       Plaintiff,

11       vs.                                        O R D E R

12
    John Doe #1, et al.,
13
                         Defendants.
14

15          On February 3, 2014, Plaintiff Alexander Napier Florence, who is confined in the

16   Arizona State Prison Complex-Lewis ("ASPC-Lewis"), filed a *pro se* civil rights

17   Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma*

18   *Pauperis*.  In a May 9, 2014 Order, the Court granted the Application to Proceed and

19   dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave

20   Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the

21   Order.

22          On June 11, 2014, Plaintiff filed his First Amended Complaint (Doc. 8).   The

23   Court will dismiss the First Amended Complaint with leave to amend.

24   **I.      Statutory Screening of Prisoner Complaints**

25          The Court is required to screen complaints brought by prisoners seeking relief

26   against a governmental entity or an officer or an employee of a governmental entity.  28

27   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

28   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

JDDL-K

1   which relief may be granted, or that seek monetary relief from a defendant who is

2   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3        A pleading must contain a "short and plain statement of the claim showing that the

4   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand

5   detailed factual allegations, "it demands more than an unadorned, the-defendant-

6   unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

7   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

8   statements, do not suffice."  *Id.*

9        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10  claim to relief that is plausible on its face.'"  *Id.*  A claim is plausible "when the plaintiff

11  pleads factual content that allows the court to draw the reasonable inference that the

12  defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint

13  states a plausible claim for relief [is] . . . a context-specific task that requires the

14  reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus,

15  although a plaintiff's specific factual allegations may be consistent with a constitutional

16  claim, a court must assess whether there are other "more likely explanations" for a

17  defendant's conduct.  *Id.* at 681.

18       But as the United States Court of Appeals for the Ninth Circuit has instructed,

19  courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

20  342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less

21  stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

22  *Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  If the Court determines that a pleading

23  could be cured by the allegation of other facts, a *pro se* litigant is entitled to an

24  opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203

25  F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Plaintiff's First Amended Complaint will

26  be dismissed for failure to state a claim, but because it may possibly be amended to state

27  a claim, the Court will dismiss it with leave to amend.

28  . . . .

## II.     First Amended Complaint

In his First Amended Complaint, Plaintiff alleges one count and names the following Defendants: Tucker, a physician's assistant at ASPC-Lewis, Bachman Unit; John Doe #1, "reviewing doctor/Corizon Healthcare" at ASPC-Lewis, Bachman Unit; John Doe #2, "facilities health administrator" at ASPC-Lewis; and John Doe #3, "deciding doctor/Corizon Healthcare" at ASPC-Lewis.

Plaintiff alleges that his Eighth Amendment rights were violated as follows: In early 2013, Plaintiff was transferred to the Arizona Department of Corrections ("ADOC") from the Maricopa County Sheriff's Office ("MCSO").  From October 2012 to March 2013, while he was in MCSO custody, Plaintiff was "on chronic care medication and care for his left wrist."  Plaintiff was transferred to ASPC-Lewis and began to submit health needs requests ("HNRs") requesting "medical care."  Defendant Tucker denied and delayed Plaintiff's care several months.  On August 12, 2013, Plaintiff was permitted to see Dr. Schaub, an outside specialist at the Arizona Center for Hand Surgery.  Dr. Schaub was Plaintiff's physician before he was incarcerated.  Dr. Schaub "ordered physical therapy, specific pain and nerve damage medication, and a follow-up appointment for further surgery assessment."  These orders were not honored by Defendants.  Plaintiff's condition "subsequently worsened" due to lack of care.

In October 2013, Plaintiff was transferred back to MCSO custody and received medications and treatment for his wrist.  Plaintiff's surgery was "delayed by Dr. Schaub until after his release due to lack of care and lack of 'ADOC' to provide proper aftercare."  Dr. Schaub determined that Plaintiff's condition cannot and will not improve without surgery and will worsen.

In February 2014, Plaintiff was transferred back into "ADOC custody."  Plaintiff was on medication and his medical records reflected the treatment and medications he was on while in MCSO custody.  Defendant Tucker reviewed Plaintiff's medical records from Plaintiff's visits with Dr. Schaub on August 12, 2013 and December 21, 2013.  Defendant Tucker then wrote a fictitious report to the reviewing committee.  Defendant

John Doe #1 denied "all physical therapy, all medications, a wrist brace and any and all medical treatment."  Defendant Tucker, who had knowledge of Plaintiff's medical history, knew that Defendant John Doe #1's decision was incorrect, but concurred with Defendant John Doe #1's decision on March 26, 2014.  Defendants John Doe #2 and John Doe #3 "being of a supervisory pos[]ition are equally respon[si]ble for allowing their subordinates to continue this behavior unchecked for so long."

Plaintiff was scheduled to see Defendant Tucker twice over the next four months, but has still not been seen and is still receiving no care.  Plaintiff has submitted thirty to forty HNRs over a period of thirteen months and has not received any physical therapy, medication, or any care.

Plaintiff seeks monetary damages and injunctive relief.

**III.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Moreover, not every claim relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

1    "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d
2    1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must
3    both know of and disregard an excessive risk to inmate health; "the official must both be
4    aware of facts from which the inference could be drawn that a substantial risk of serious
5    harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825,
6    837 (1994).  Deliberate indifference in the medical context may be shown by a
7    purposeful act or failure to respond to a prisoner's pain or possible medical need and
8    harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may
9    also be shown when a prison official intentionally denies, delays, or interferes with
10   medical treatment or by the way prison doctors respond to the prisoner's medical needs.
11   *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

12   Deliberate indifference is a higher standard than negligence or lack of ordinary
13   due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor
14   gross negligence will constitute deliberate indifference." *Clement v. California Dep't of
15   Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter
16   Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
17   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion
18   does not amount to deliberate indifference to [a plaintiff's] serious medical needs."
19   *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,
20   without more, is insufficient to state a claim against prison officials for deliberate
21   indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
22   (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of
23   "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

24   **A.    Defendant Tucker**

25   Plaintiff's allegations against Defendant Tucker are vague and conclusory and fail
26   to state a claim upon which relief can be granted.  Although *pro se* pleadings are liberally
27   construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague
28   allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of*

1    *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil

2    rights complaint may not supply essential elements of the claim that were not initially

3    pled.  *Id.*

4         Although Plaintiff alleges that he was on chronic care medicine and care for his

5    wrist, Plaintiff never states the injury to his wrist, what type of pain he was experiencing,

6    what medications he was on, or what type of care was necessary to treat his wrist.

7    Moreover, Plaintiff does not state what problems he was having with his wrist on

8    individual occasions, whether he described his symptoms to Defendant Tucker, when he

9    saw Defendant Tucker for his symptoms, or any other facts demonstrating that Defendant

10   Tucker knew that Plaintiff had a serious medical need.  Plaintiff's allegations that

11   Defendant Tucker knew what was in Plaintiff's medical records are too vague to show

12   that Defendant Tucker knew that Plaintiff had a serious medical need.

13        Likewise, while Plaintiff makes conclusory statements that Defendant Tucker

14   removed Plaintiff from medications and care, Plaintiff does not state when Defendant

15   Tucker removed him from medications and care, what medications were discontinued,

16   what care was discontinued, whether Defendant Tucker offered any explanation for the

17   discontinuation of Plaintiff's care and medication, or any other specific facts about

18   interactions Plaintiff had with Defendant Tucker to demonstrate that Defendant Tucker

19   knew that Plaintiff had a serious medical need and was deliberately indifferent to such

20   need.  Likewise, Plaintiff does not state the contents of the fictitious report that Defendant

21   Tucker allegedly wrote about Plaintiff.  Accordingly, Plaintiff has failed to state a claim

22   upon which relief can be granted against Defendant Tucker and he will be dismissed.

23        **B.    Defendant John Doe #1**

24        The only allegation against John Doe #1 in Plaintiff's complaint is that he "denied

25   all physical therapy, all medications, a wrist brace, and any and all medical treatment."

26   Plaintiff does not allege facts demonstrating that John Doe #1 knew that Plaintiff had a

27   serious medical need.  Plaintiff does not allege facts demonstrating how John Doe #1

28   knew that Plaintiff had a serious medical need, what John Doe #1 knew about Plaintiff's

1    serious medical need, or how John Doe #1 denied Plaintiff all treatment for his serious

2    medical need.  Accordingly, Plaintiff has failed to state a claim upon which relief can be

3    granted against Defendant John Doe #1 in his Complaint and John Doe #1 will be

4    dismissed.

5        **C.    John Does #2 and #3**

6        Plaintiff's sole allegation against John Doe #2 and John Doe #3 is that Defendant

7    John Doe #2 and John Doe #3 "being of a supervisory pos[]ition are equally respon[si]ble

8    for allowing their subordinates to continue this behavior unchecked for so long."  "A

9    plaintiff must allege facts, not simply conclusions, that show that an individual was

10   personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152

11   F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a

12   plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See*

13   *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citation omitted).

14   Further, there is no respondeat superior liability under § 1983, so a defendant's position

15   as the supervisor of someone who allegedly violated a plaintiff's constitutional rights

16   does not make him liable.  *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978);

17   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A supervisor in his

18   individual capacity "is only liable for constitutional violations of his subordinates if the

19   supervisor participated in or directed the violations, or knew of the violations and failed

20   to act to prevent them."  *Taylor*, 880 F.2d at 1045.

21       Plaintiff does not allege facts demonstrating that John Doe #2 or John Doe #3

22   directly violated his constitutional rights.  Moreover, Plaintiff does not allege facts to

23   support that Plaintiff's constitutional rights were violated as a result of a policy or custom

24   promulgated or endorsed by John Doe #2 or John Doe #3.  Accordingly, Plaintiff fails to

25   state a claim upon which relief can be granted against John Doe #2 or John Doe #3 and

26   they will be dismissed.

27   . . . .

28   . . . .

**IV.     Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After

amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 8) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 26th day of June, 2014.

Stephen M. McNamee
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>. Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>. If there are **four or fewer** defendants, print the name of each. If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants. Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>. If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so may result in the loss of the right to a jury trial. A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other." If you mark "other," identify the source of that authority.

    2. <u>Location</u>. Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>. Print all of the requested information about each of the defendants in the spaces provided. If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom. Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner. Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated. The form provides space to allege three separate counts (**one violation per count**). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)                     )
               Plaintiff,   )
                       )
            vs.   )   **CASE NO.** _____
                       )           (To be supplied by the Clerk)
(1) _____ ,   )
(Full Name of Defendant)                     )
(2) _____ ,   )
                       )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )   **BY A PRISONER**
                       )
(4) _____ ,   )   ☐ Original Complaint
         Defendant(s).   )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07                      1                               **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
              (Position and Title)                                      (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
              (Position and Title)                                      (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
              (Position and Title)                                      (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
              (Position and Title)                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care

☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation

☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No

b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No

c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes     ☐ No
b.    Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail             ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?        ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                               DATE                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6